I respectfully dissent from the majority opinion. I disagree with the majority's conclusion that appellant violated R.C. 2921.04(B), which provides that "[n]o person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges * * *."
In the instant case, the victim testified that she received a phone call from appellant on July 6, 1999, and that, during the course of that phone conversation, appellant requested $3,000 to get a friend out of jail. When the victim told appellant that she did not have $3,000, he threatened to kill her.
In order to establish a violation of R.C. 2921.04(B) based on these facts, we must first infer that appellant was referring to Lyons, when he mentioned his friend in jail. We must then infer that the threat to kill the victim was an attempt to influence, intimidate or hinder her from assisting with the prosecution of Lyons. Only after the majority has made this inference upon an inference can they arrive at the conclusion that appellant violated R.C. 2921.04(B). I decline to follow the majority's logic in arriving at an affirmation here and would conclude that appellant's first assignment of error, in which he argued that there was insufficient evidence to support a conviction for intimidation by unlawful threat of harm, has merit.
The factual table here certainly manifests euphemistically that appellant's phone call was outrageous, but it lacks any ingredient that provides a nexus to establish that his conduct was an "attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges." It appears that the state sought a crime which would call for a higher penalty than the evidence here satisfies. Clearly, appellant should be sanctioned, but the effort should comport with the foot that fits the shoe.
In my view, the appropriate charge in this case would have been aggravated menacing, a violation of R.C. 2903.21. That statute provides that "[n]o person shall knowingly cause another to believe that the offender will cause serious physical harm to the person * * *." R.C.2903.21. I believe that there was sufficient evidence in this case that appellant caused the victim to believe that he intended to cause her serious physical harm to convict him of aggravated menacing.
 _____________________ JUDGE DONALD R. FORD